IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE RAQUINIO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THIRD CIRCUIT COURT KONA DIVISION ADMINISTRATORS,<br><br>　　　　Defendants. | CIV. NO. 22-00499 JMS-KJM<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 3; AND (2) DISMISSING AMENDED COMPLAINT, ECF NO. 5, WITH LEAVE TO AMEND |

**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 3; AND (2) DISMISSING AMENDED COMPLAINT, ECF NO. 5, WITH LEAVE TO AMEND**

**I.   INTRODUCTION**

Before the court is pro se Plaintiff Noe Raquinio's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 3, which Plaintiff filed with a Complaint, ECF No. 1, and a subsequent Amended Complaint, ECF No. 5, against "Third Circuit Court Kona Division Administrators" ("Defendants").  For the reasons that follow, the court GRANTS the IFP Application, and DISMISSES the Complaint with leave to amend.

## II. **IFP APPLICATION**

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty") (citation omitted). When reviewing a motion filed pursuant to § 1915(a)(1), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation and footnote omitted). Although § 1915(a) does not require a litigant to demonstrate "complete destitution," *Adkins*, 335 U.S. at 340, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

As set forth in the IFP Application, Plaintiff is not employed and earns no income.[1]  ECF No. 3 at PageID.8–9.  Plaintiff indicates that he has no assets, liquid or otherwise, and no monthly expenses.  *Id*. at PageID.10–11.  Plaintiff does not have any dependents, outstanding debt, or financial obligations.  *Id*.

Plaintiff has made the required showing under 28 U.S.C. § 1915(a)(1) to proceed in forma pauperis (i.e., without prepayment of fees); therefore, the court GRANTS Plaintiff's IFP Application, ECF No. 3.

### III.  BACKGROUND

Plaintiff filed a Complaint on November 29, 2022, ECF No. 1, and an Amended Complaint on December 2, 2022, ECF No. 5.  Plaintiff attempts to assert claims against unnamed administrators in the Third Circuit Court Kona Division under 42 U.S.C. § 1983 for having been "falsely accused illegally searched and arrested."  ECF No. 5 at PageID.16.  As best as can be gleaned from the Amended Complaint, Plaintiff alleges that he was riding his 21-speed bike "undergoing some tactical training exercises," when police stopped and searched him and found ammunition in the pocket of a vest he was wearing.  *Id*.  Plaintiff claims he "was

---

[1] Plaintiff purportedly receives $420 per month in public assistance but lists his total monthly income as "$0.00."  *See* ECF No. 3 at PageID.9.  Plaintiff also claims that the Third Circuit Court Kona owes him an unspecified amount as a "[b]enefit for winning [a] criminal appeal" and that Island Insurance owes him $200,000 as "compensation" that is "on appeal."  *Id*. at PageID.10.  The court does not consider these supposedly owed funds as income for purposes of the IFP Application.

3

unaware it was even in the mag compartment to the vest." *Id*. Plaintiff alleges that he was "overcharged" bail and wrongly arrested and cited for charges that had already been dismissed with prejudice in another unidentified case:

> Shortly there after prosecutor where there is a conflict of interest created and docketing case and try to fraudulent charges to this new case in which they charging bail all over again up to 25 thousand on petty misdemeanor charges the don't exist is the state system. As I am currently on bail I'm trying to have the administrator address this serious problem in case 22-097826 which also over charging me as a convicted felon under 3cpc-22-000941I further slandering my character to raise the Bail. I caught them trying to charge me a b felony on charges that's been dismissed with prejudice.

*Id*. Plaintiff asserts causes of action for "double jeopardy," "malicious prosecution," and "fraud on the court." *Id.* at PageID.16−19.

Plaintiff attaches to the Amended Complaint a barely legible copy of a $1,000 bail receipt, ECF No. 5-1, and certain portions of the Third Circuit Court, State of Hawaii ("Third Circuit Court") docket for criminal case 3CPC-22-000941, ECF No. 5-2,[2] to show that he had found "unsupported case numbers that been added in under the criminal case." ECF No. 5 at PageID.16. Plaintiff provides no specific demand for relief.

---

[2] According to the Third Circuit Court docket report for criminal case 3CPC-22-000941 found at eCourt Kokua, a bench warrant was issued on November 23, 2022, with bail set at $5,000. *See* 3CPC-22-000941, Dkts. 7, 9. Plaintiff was charged with: (1) Place to keep ammunition in violation of Hawaii Revised Statutes ("HRS") § 134-27(a); and (2) Ownership or possession prohibited felony in violation of HRS § 134-7(b). *See id*. "The Court can, and does, sua sponte take judicial notice of court records and other matters of public record." *GMS Liberty LLC v. Hib*, 2018 WL 1150839, at *2 n.3 (S.D. Cal. Mar. 2, 2018) (citing Fed. R. Evid. 201).

## IV. STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. Cal.*, 386 U.S. 738, 744 (1967), and *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, a complaint that fails to state a compensable claim should be dismissed when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stating that "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## V. **DISCUSSION**

Section 1983 provides a cause of action by one who has been deprived of constitutional rights by another person acting under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

>    deprivation of any rights, privileges, or immunities
>    secured by the Constitution and laws, shall be liable to
>    the party injured . . . .

42 U.S.C. § 1983.  Under section 1983, a defendant has acted under color of state law where that defendant has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff's Amended Complaint names as Defendants "Third Circuit Court Kona Division Administrators."  Liberally construed, the Amended Complaint suggests a cause of action against an entity within the State of Hawaii: the State of Hawaii Third Circuit Court.  So read, the Amended Complaint is barred by the Eleventh Amendment and, in any event, fails to state a cognizable § 1983 claim.

A.   **Eleventh Amendment Immunity**

"The Eleventh Amendment shields unconsenting states from suits in federal court," *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)), and bars individuals from bringing lawsuits against a state or an instrumentality of a state for monetary damages or other retrospective relief.  *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).  It "applies regardless of

the nature of relief sought and extends to state instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). Suits against state officials in their official capacities are likewise barred because they constitute suits against the state itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). State law claims asserted in federal court against states, state agencies, and state officials acting in their official capacities are also barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Cent. Rsrv. Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1160–61 (9th Cir. 1988).

Eleventh Amendment immunity is not absolute—Congress may abrogate a state's immunity, or a state may waive immunity. *See Clark v. California*, 123 F.3d 1267, 1269 (9th Cir. 1997). In addition, under the *Ex parte Young* exception to Eleventh Amendment immunity, "private individuals may sue state officials in federal court for prospective relief from ongoing violations of federal law, as opposed to money damages, without running afoul of the doctrine of sovereign immunity." *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019).

Here, whether Plaintiff intended a claim for damages against (1) the State of Hawaii, (2) an entity of the State of Hawaii (the Third Circuit Court), or (3) individuals employed by the Third Circuit Court in their official capacities,

such a claim fails under the Eleventh Amendment. *See, e.g.*, *Yamano v. Haw. Judiciary*, 765 F. App'x 198, 199 (9th Cir. 2019) ("The district court properly dismissed Yamano's claim against defendant State of Hawaii Judiciary because her claim is barred by the Eleventh Amendment.") (citations omitted); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (barring claims under the Eleventh Amendment against state courts and their employees, as arms of the state). Any such claims are DISMISSED without leave to amend.

**B.     Failure to State a Claim**

Even if Plaintiff intended to name State of Hawaii judiciary employees in their individual capacities, the Amended Complaint still fails to state a claim.

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). To survive screening, Plaintiff must allege facts permitting a plausible inference that he has suffered deprivation of a constitutional right, within the meaning of § 1983, and that the violation was committed by a person acting under color of state law. *See McCoy v. State of Haw. Dep't of*

9

*Human Serv.*, 2021 WL 5040197, at *8 (D. Haw. Oct. 29, 2021) ("[S]tate officials, sued in their individual capacities, are 'persons' within the meaning of § 1983.") (quoting *Hafer v. Melo*, 502 U.S. 21, 31 (1991)).

Plaintiff fails to identify any specific person or what any specific person did that deprived him of a constitutional right. Instead, the Amended Complaint contains conclusory allegations and generalities, without any allegation of the specific wrongdoing that any administrator of the Third Circuit Court committed in violation of § 1983.

Likewise, liberally construing the Amended Complaint in the light most favorable to Plaintiff, the court finds his claims for double jeopardy, malicious prosecution, or fraud on the court are factually unsupported. Double jeopardy "does not come into play until a proceeding begins before a trier 'having jurisdiction to try the question of the guilt or innocence of the accused.' Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *United States v. Lusby*, 972 F.3d 1032, 1037 (9th Cir. 2020). Plaintiff fails to sufficiently allege whether the Third Circuit Court—now or in the alleged prior case—determined his guilt or innocence.[3] Plaintiff, thus, has failed to state a claim for double jeopardy.

---

[3] Moreover, the "unsupported case numbers that been added in under the criminal case," for example, "case 22-097826," are citation/arrest numbers, not new cases filed against Plaintiff. *See* ECF No. 5-2 at PageID.23.

A malicious prosecution claim generally requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." *Lacey*, 693 F.3d at 919 (citation omitted). "To prevail on a § 1983 claim for malicious prosecution, Plaintiff 'must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him . . . [a] specific constitutional right.'" *Grindling v. Cnty. of Maui Doe Prosecutors 1-10*, 2018 WL 3213605, at *4 (D. Haw. June 29, 2018) (quoting *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)); *see also Lacey*, 693 F.3d at 919 (recognizing that § 1983 malicious prosecution claim "concerns the wrongful use of legal process . . . with the intent to subject a person to a denial of constitutional rights") (citations and some punctuation marks omitted). In addition, if anyone, "[t]he proper defendant is the county prosecutor who initiated and prosecuted the criminal charges." *Kahle v. Villaflor*, 2012 WL 253123, at *7 (D. Haw. Jan. 26, 2012). Here, the Amended Complaint fails to allege facts that constitute a cognizable claim of malicious prosecution, much less against the proper defendant.

And as for "fraud on the court," Plaintiff appears to allege extrinsic fraud, which "is conduct prevent[ing] a party from presenting his claim in court," *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004), and is "not an error by that court. It is, rather, a wrongful act committed by the party or parties who

11

engaged in the fraud." *Id.* at 1141. Plaintiff alleges that fraud on the court was committed by a prosecutor who made "material misrepresentations" by charging him with a felony, allegedly the same charge which was dismissed in a prior case confirmed on appeal. *See* ECF No. 5 at PageID.18 (alleging that the prosecutor "us[ed]" charges from a terminated and dismissed with prejudice case in which I PREVIALED IN THE ICA against the state"); *see also id.* (alleging that fraud on the court "has occurred one the individual [prosecutor] Aaron Mersser decided to follow thru with entering the old information into his complaint which is a misdemeanor or petty at that"). Plaintiff does not name any prosecutors as a defendant in this case. The Amended Complaint, as a result, does not sufficiently state a cognizable legal claim for malicious prosecution.[4]

## VI. **LEAVE TO AMEND**

The court DISMISSES the Amended Complaint, but grants Plaintiff leave to amend to state claims against any individuals in their individual capacities, if he can. If Plaintiff chooses to file a second amended complaint, using short and plain statements, he must clearly: (1) state the name of each defendant who violated the constitutional right he believes was violated; and (2) state how each defendant has injured him. In other words, Plaintiff must list each defendant and

---

[4] In addition, if Plaintiff intended to sue court administrators in their individual capacities, they would very likely be entitled to quasi-judicial immunity. *See Tia v. Mollway*, 2011 WL 2945813, at *4 (D. Haw. July 20, 2011).

explain to the court what it is that each defendant did or failed to do, and the specific injury that Plaintiff suffered as a result. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegations against each defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Thus, the Second Amended Complaint may not incorporate any part of the First Amended Complaint by reference, but rather, any part Plaintiff desires to allege must be retyped or legibly rewritten in its entirety. Plaintiff may include only one claim per count. Any cause of action not already dismissed with prejudice that is not raised in the Second Amended Complaint is waived. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

## VII.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's IFP Application, ECF No. 3, and DISMISSES the Amended Complaint, ECF No. 5,

WITH LEAVE TO AMEND.  Plaintiff is granted leave to amend as described in this order by **January 11, 2023**.  Failure to file an amended complaint by **January 11, 2023**, will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 12, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Raquinio v. Third Circuit Court Kona Division, et al.*, Civ. No. 22-00499 JMS-KJM, Order (1) Granting Application to Proceed In Forma Pauperis, ECF No. 2; and (2) Dismissing Amended Complaint, ECF No. 5, With Leave to Amend